## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PUBLIC EMPLOYEES FOR | ) | |
| ENVIRONMENTAL RESPONSIBILITY, | ) | |
| 2000 P Street, NW Suite 240 | ) | |
| Washington, D.C. 20036 | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action # |
| | ) | |
| UNITED STATES COAST GUARD | ) | |
| 2100 2nd Street SW Stop 7101 | ) | |
| Washington, D.C. 20593-7101 | ) | **COMPLAINT** |
| | ) | |
|     Defendant. | ) | |

## PRELIMINARY STATEMENTS

1. This action is brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq*., as amended, in order to compel the United States Coast Guard ("Defendant" or "USCG") to disclose records wrongfully withheld in failing to respond within the statutory deadline to Plaintiff's, Public Employees for Environmental Responsibility ("PEER"), FOIA request.

2. FOIA requires that federal agencies respond to public requests for records, including files maintained electronically, in order to increase public understanding of the workings of government and for access to government information.

3. Plaintiff is a non-profit organization with tax-exempt status dedicated to research and public education concerning the activities and operations of the federal government.

4. Plaintiff's FOIA request, submitted on November 1, 2012, sought records related to the USCG's involvement in Royal Dutch Shell PLC's ("Shell") plans and operations, including a failure of a containment dome during testing, in the Beaufort Sea Outer Continental Shelf ("OCS"), Contiguous State Waters, and on the Chukchi Sea OCS.  To date, Plaintiff has not received any records responsive to the request.

5. Defendant's conduct is arbitrary and capricious and amounts to a denial of Plaintiff's FOIA request.  Defendant's conduct frustrates Plaintiff's efforts to educate the public regarding the Defendant's oversight of Shell's exploration and development in the Beaufort Sea OCS, Contiguous State Waters, and on the Chukchi Sea OCS.

6. Plaintiff constructively exhausted its administrative remedies under FOIA, 5 U.S.C. § 552(a)(6)(C), and seeks a court order requiring Defendant to immediately produce the records sought in its FOIA requests as well as other appropriate relief.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this action under FOIA, 5 U.S.C. § 552(a)(4)(B).  This Court also has federal question jurisdiction over this action under 28 U.S.C. § 1331.

8. This Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

9. This Court is a proper venue because Plaintiff resides in this district.  28 U.S.C. § 1391(e)(1)(C) (where defendant is the government or a government agent, a civil action may be brought in the district where the plaintiff resides if there is no real property at issue).  Venue is also proper under 5 U.S.C. § 552(a)(4)(B).

10. This Court has the authority to award costs and attorneys' fees under 28 U.S.C. § 2412 and 5 U.S.C. § 552(a)(4)(E).

## PARTIES

11. Plaintiff, PEER, is a non-profit public interest organization, with its main office located in Washington, D.C., and field offices located in California, Colorado, Florida, Massachusetts, Arizona, New Jersey, and Tennessee.

12. PEER is not a commercial enterprise for purposes of the fee waiver provisions of FOIA.  *See* 5 U.S.C. § 552(a)(4)(A)(iii).  Among other public interest projects, PEER engages in advocacy, research, education, and litigation relating to the promotion of public understanding and debate concerning key current public policy issues.  PEER focuses on the environment, public lands and natural resource management, public funding of environmental and natural resource agencies, and ethics in government.

13. Informing the public about these important public policy issues is central to PEER's mission.  PEER educates and informs the public through news releases to the media, its web site, www.peer.org, which draws between 1,000 and 10,000 viewers per day, and its newsletter which has a circulation of approximately 20,000, including 1,500 environmental journalists.

14. Defendant, USCG, is an agency of the United States as defined by 5 U.S.C. § 552(f)(1).  USCG is charged with the duty to provide public access to records in its possession consistent with the requirements of the FOIA.  Here, USCG is denying Plaintiff access to its records in contravention of federal law.

## FACTS

15. In 2012, Shell pursued various federal permits to authorize oil and gas exploration on the Beaufort Sea OCS, Contiguous State Waters, and on the Chukchi Sea OCS.  In mid-September, 2012, Shell announced that its containment dome was severely damaged while

being tested on Puget Sound.  Shell's oil spill response barge, Arctic Challenger, carried the containment dome.

16. Plaintiff's FOIA request, dated and submitted to Defendant on November 1, 2012, sought information concerning Defendant's involvement in Shell's Arctic OCS plans and operations, including the containment dome failure during testing.

17. Plaintiff's November 1, 2012 request specifically sought: 1) All reviews, inspection reports or other monitoring of equipment or vessels or components thereof that Shell seeks to deploy in the Arctic OCS, including but not limited to the containment dome and the spill response barge Arctic Challenger; 2) Any review or analysis of the Shell oil spill response plan or plans for proposed Arctic OCS operations, including results of any oil spill response drills conducted or spill drills planned for the future, all information relative to the Defendant's oversight of the spill response barge, Arctic Challenger; and 3) All reviews, analyses or conditions conducted by Defendant relative to the introduction of invasive species in the Arctic OCS from Shell operations.

18. This request helps serve the public because the records sought will shed direct light on the quality and extent of spill response measures required by Defendant and how those requirements are enforced.  It will also demonstrate the reliability of spill containment equipment slated for deployment in sensitive Arctic waters and will reveal the level of rigor employed by Defendant to prevent inadvertent introduction of invasive species into Alaskan waters.

19. Plaintiff believes that disclosure of the requested information will offer the general public a clear picture of the rigor, prudence, and efficacy of Defendant's actions.

20. In a letter dated December 6, 2012, Defendant acknowledged receipt of Plaintiff's FOIA request and assigned it request number 2013-0274. Defendant also stated that Plaintiff's request for a fee waiver was currently under review. This letter also indicated that the subject matter of Plaintiff's request was of substantial interest to two or more components of the USCG and that those entities would need to be consulted prior to issuing a final response. Because of this need for consultation, Defendant invoked a ten-day extension for Plaintiff's request as allowed by 5 U.S.C. § 552(a)(6)(B). This letter was signed, A.C. Ackerson, the FOIA Coordinator for the USCG.

21. To date, Plaintiff has not received any records responsive to its November 1, 2012 request. Defendant has given no indication that production is imminent and has not engaged in a rolling production schedule.

22. Defendant has not contacted Plaintiff to address Request 2013-0274 since sending its initial confirmation of receipt letter on December 6, 2012.

23. To date, Plaintiff has received no additional communications or records responsive to these requests.

24. Plaintiff has afforded Defendant ample time beyond that which is legally required to respond to the requests.

25. More than 100 days have passed since Plaintiff submitted its November 1, 2012 FOIA request to Defendant after taking into account Defendant's request for a ten-day extension due to the nature of the request.

26. Plaintiff has fully exhausted its administrative remedies for its request submitted on November 1, 2012 (2013-0274). Administrative remedies are deemed exhausted whenever an agency fails to comply with the applicable time limits, as stated by 5 U.S.C. §

552(a)(6)(C)(i).  Plaintiff now turns to this Court to enforce the remedies and public access to agency records guaranteed by FOIA.

## CAUSE OF ACTION

### Count 1: Violation of the Freedom of Information Act

27. Plaintiff incorporates the allegations in paragraphs 1 through 26.

28. Defendant's failure to disclose the requested records in response to Plaintiff's November 1, 2012 request (request number 2013-0274) is a constructive denial and wrongful withholding of records in violation of FOIA, 5 U.S.C. § 552, and the Agency's own regulations promulgated thereunder.

### Relief Requested

WHEREFORE, Plaintiff respectfully requests that this Court:

i.   Enter an Order declaring that USCG has wrongfully withheld the requested Agency records;

ii.  Issue a permanent injunction directing USCG to disclose to Plaintiff all wrongfully withheld records;

iii. Maintain jurisdiction over this action until USCG is in compliance with FOIA, the Administrative Procedure Act, and every order of this Court;

iv.  Award Plaintiff its attorney fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

v.   Grant such additional and further relief to which the Plaintiff may be entitled.

Dated: February 26, 2012

Respectfully submitted,


_/s/  Kathryn Douglass_____
Kathryn Douglass, DC Bar # 995841
Public Employees for Environmental
Responsibility,
200 P Street, NW Suite 240
Washington, D.C. 20036
(202) 265-7337

Attorney for Plaintiff